**TAELEOLO and SATI, Plaintiffs**

**v.**

**TAPILI, Defendant**

## No. 28-1918

## High Court of American Samoa

### Civil Jurisdiction, Trial Division

[Matai" title: "Vaotuua"]

## Date unknown

---

A. M. NOBLE, *President;* and LEAANA, *Associate Member*

### DECISION

This is an action brought by the plaintiffs to prevent the registration of the "matai" name Vaotuua by the defendant, and to determine the claim of the plaintiffs to the "pule" in the "matai" name Vaotuua.

The records show that on August 24th, 1918, the defendant filed notice of his intention to register himself as Vaotuua-Tapili, and that objection to said registration was on September 10th, 1918 filed in the High Court by the plaintiffs.

The defendant contends that he has held the name Vaotuua since the death of his father Vaotuua-Ioani, in or about the year 1910, through the "pule" of his father and Neli, and that his name is registered in the Register of "Matai" Titles.

300

The plaintiffs admit that the defendant has held the name Vaotuua since the death of Vaotuua-Ioani; but claim that said name was given to defendant by the plaintiff. Taeleolo, who is the owner of the "pule" in the name, and that as the defendant did not register his name at the time as required by law, they now object to his registration of the same, unless he acknowledges the "pule" of the plaintiff, Taeleolo, in the name Vaotuua, and admits that he registers said name by and with her consent.

The Register of "Matai" Titles shows that Vaotuua-Tapili is not registered, but that the father of Tapili did register the name Vaotuua as required by law. That court has found from the trial of former cases, that many who have succeeded to "matai" titles since the enactment of the law (Regulation No. 8-1906, Section 45 of the Codification) requiring every person succeeding to the title of "matai" after October 31, 1906, to give notice to the Secretary of Native Affairs of said succession for registration, have, through ignorance and a lack of understanding of the law, been under the impression that once the "matai" name was registered it was sufficient compliance with the law, and such seems to be true in the case at issue. The father of Tapili having registered the "matai" name Vaotuua, the defendant, Tapili, understood the law to have been complied with, and that he did not have to register himself. The plaintiff Taeleolo admits that Tapili has held the name since the death of his father in 1910, and that in the month of August 1918 having learned that he had not complied with the law attempted to do so. The plaintiff Taeleolo also states that the defendant was given the name by her. If as the plaintiff, Taeleolo, claims the name Vaotuua was given to defendant by her (which claim, however, the court does not find as a fact) and that he held the same for a period of approximately eight years without any objection on her part, he, the defendant

believing that he had complied with both Samoan Customs and the laws of American Samoa, the Court holds that the plaintiffs are now estopped to deny the right of the defendant to have his name registered as Vaotuua-Tapili.

The other question presented is, as to the rights of the plaintiffs, Taeleolo and Sati, in the name Vaotuua. On this point the evidence is directly conflicting, each witness contradicting himself or herself, as well as every other witness. That part of the evidence, however, that is most reconcilable leads the court to the conclusion that the plaintiff, Taeleolo, is a true descendant of the Vaotuua, and as such has the right to a voice in all matters affecting the Vaotuua family.

The Court decides that the "pule" in the name Vaotuua should not and does not belong to any one person to do with as she or he sees fit. That neither the plaintiffs Taeleolo or Sati, the defendant, Tapili, or the witness Neli, as claimed by them, have the sole "pule" in the name Vaotuua, but that the right to name the person to the name Vaotuua shall remain with the true descendants of the Vaotuua.